WILLIAM  JOHNSON,  Appellee,  v. H.  Z.  WEBSTER,
Appellant.

1.  **Practice** : APPEAL : RECORD.  Where, in an action commenced as at
law, a motion is made to transfer the same to the equity side of the
calendar, but the record fails to show any ruling upon such motion
nor that the maker of said motion asked that a record be made of
the ruling thereon, nor that the cause was thereafter treated as in
equity, nor that equitable relief was granted by the trial court, it
will be presumed by the supreme court that the motion to transfer
was not ruled upon by the trial court but was abandoned by the
maker.

2.  **Promissory Note** : JUDGMENT : PAYMENT BY INDORSER : ASSIGN-
MENT.  Judgment having been  rendered against the maker and
indorser of a promissory note, money from the indorser sufficient to
satisfy the same was placed in the hands of W. under an agreement
that he should obtain an assignment of the judgment to himself,
and then assign the same to the plaintiff.   W. obtained an assign-
ment of the judgment, but instead of assigning the same to plain-
tiff he assigned to one N., who received payment of the judgment
from the maker of the note, and satisfied the same of record.   At
the time of the assignment to N., he and the maker of the note knew
that W. had no interest in the judgment, and that he was under
obligation to assign the same to the plaintiff.   *Held*, that the plain-
tiff, having received from the indorser an assignment of his inter-
est in the judgment, was entitled to recover of the maker the
amount paid by the indorser, but not exceeding the sum nec-
essary to satisfy the judgment.

3.  **Practice in Supreme Court:** ASSIGNMENTS OF ERROR.  Assign-
ments of error upon appeal which are not argued by counsel will
not be considered by the supreme court.

*Appeal from Audubon District Court.*—HON. A. B.
THORNELL, Judge.

TUESDAY, JANUARY 20, 1891.

ACTION to recover the amount of a judgment against
defendant and others alleged to have been paid by the
assignor of plaintiff. There was a trial by the court,
and a judgment in favor of plaintiff. The defendant
appeals.

*Theo. F. Meyers* and *John M. Griggs,* for appel-
lant.

*Benj. 1. Salinger,* for appellee.

ROBINSON, J.—On the thirteenth day of February,
1882, the defendant and others gave to one William
Pickerell their promissory note for one hundred and
ninety-nine dollars with interest at ten per cent. per
annum. Pickerell indorsed the note to Charles Van
Gorder, who on the twenty-third day of February, 1883,
obtained judgment thereon against the makers and Pick-
erell, as indorser, for the sum of two hundred and fifteen
dollars and fifty-five cents, attorneys' fees and costs.
The judgment was rendered by a justice of the peace,
and a transcript thereof was filed in the office of the
clerk of the circuit court of Audubon county on the
twenty-sixth day of February, 1883. The filing of
the transcript created a lien upon certain land owned by
William Pickerell. He afterwards conveyed the land
to his wife, Millie E. Pickerell, and she conveyed it to
John Martin. Martin gave to Mrs. Pickerell a mortgage
on the land to secure the payment of fourteen hundred
and sixty dollars. The mortgage thus given provided
that it should not become due until all other liens
and incumbrances upon the land should be removed. In
January, 1884, the mortgage and note thereby secured
were assigned to plaintiff. In February of that year,
money belonging to William Pickerell was placed in the
hands of S. L. Wilson, as the agent of plaintiff and Mar-
tin, sufficient in amount to satisfy the judgment in favor

of Van Gorder for the purpose of obtaining an assign-
ment of the judgment, and the note and mortgage were
surrendered to Martin.    The plaintiff claims, and the
evidence tends to show, that by virtue of the agreement
between Martin Wilson and the plaintiff, Wilson was
to obtain an assignment of the judgment to himself;
that he was then to assign it to plaintiff; and that so far
as it was a lien on the Pickerell land it was to be
released.    Wilson obtained an assignment of the judg-
ment to himself in February, 1884, and by authority of
plaintiff released the Pickerell land from its effect; but,
instead of then assigning it to plaintiff, he, on the,
seventh day of May, 1885, assigned it to one M. Nichols.
On the next day Nichols acknowledged receipt from
defendant of the amount required to satisfy the judg-
ment.    In the spring of 1886 Pickerell assigned to plain-
tiff his claim against defendant for money paid by
Pickerell on account of the judgment, and this action is
brought to recover the amount of that claim.

I.    After the cause was submitted to the court, the
plaintiff moved to set aside the submission, and for leave
to amend his petition and introduce addi-
tional evidence, and to transfer the cause
to the equity side of the calendar.    The
record does not show any ruling upon the motion, but
it appears that the submission was set aside, and that
plaintiff filed an amendment to his petition in equity.
There is nothing to show that the cause was thereafter
treated as in equity, and no equitable relief was given.
In this condition of the record we cannot presume that
the cause was transferred to the equity docket.    An
error assigned by appellant, but not argued, is that the
court erred in not making a record as to whether the
cause was transferred to the equity docket; but it does
not appear that he asked that such a record be made,
and we will presume that the motion to transfer was not
ruled upon, but was abandoned by plaintiff.    We refer
to the condition of the record to show that the cause is
not triable here *de novo*, but that it will be treated as an
action triable by ordinary proceedings, and the finding

1. PRACTICE:
   appeal:
   record.

of the court be given the force and effect of the verdict of a jury.

II. The appellant contends that he paid the amount due on the judgment to Nichols in good faith, and without knowledge of the rights of the plaintiff and Pickerell. The evidence as to that is conflicting. The plaintiff testifies positively that he conversed with Nichols and defendant several times before the assignment was made to Nichols, and that during those conversations he disclosed his interest in the judgment, and that Wilson had no interest in it and no authority to assign it to anyone but plaintiff, and exhibited the written obligation of Wilson to assign to plaintiff. Nichols was the attorney of defendant. We are of the opinion that the court was justified in finding that both defendant and Nichols knew before the judgment was assigned to the latter that Wilson had no interest in the judgment which he could assign to them. If that was the case defendant could not discharge his obligation to Pickerell by paying the amount of the judgment to Nichols. It is true the payment made for Pickerell was nominally for an assignment of the judgment to another person, but as to parties having knowledge of the facts involved in the transaction it was in effect a satisfaction of the judgment as to Pickerell, and gave him a right to recover of defendant the amount required to satisfy the judgment. Whether he could have enforced that right by an action against defendant before the judgment in controversy was satisfied, we need not determine. The judgment was satisfied of record by the unauthorized payments of defendant, and Pickerell and his assignee may treat it as satisfied in fact, and recover the amount paid by Pickerell not exceeding the sum required to satisfy the judgment. That the amount allowed by the district court is correct, if defendant is liable, is not questioned.

III. Other errors are assigned by appellant but not argued, and, therefore, do not require further notice. The judgment of the district court is AFFIRMED.

*2. PROMISSORY note : judgment : payment by indorsee : assignment.*

*3. ASSIGNMENTS of error.*